IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YASUSHI KALEOHANO-ARAKAKI #A0115950,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF HAWAII, *et al.*,<br><br>　　　　　Defendants. | CIVIL NO. 24-00131 DKW-RT<br><br>ORDER (1) DISMISSING SECOND AMENDED PRISONER CIVIL RIGHTS COMPLAINT AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL |

Before the Court is a Second Amended Prisoner Civil Rights Complaint (SAC), ECF No. 13, and a Motion for Appointment of Counsel, ECF No. 14, filed by pro se Plaintiff Yasushi Kaleohano-Arakaki.[1]  In the SAC, Kaleohano-Arakaki alleges that a nurse and two doctors violated his constitutional rights by threatening his safety and denying him adequate medical care during his incarceration at the Hawaii Community Correctional Center (HCCC) and the Halawa Correctional Facility (HCF).[2]  *See* ECF No. 13 at PageID.64–65.  After conducting the required screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court DISMISSES

---

[1]Kaleohano-Arakaki is currently incarcerated at the Halawa Correctional Facility.  *See* ECF No. 13 at PageID.64; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A0115950"; and select "Search") (last visited Jun 13, 2024).

[2]Kaleohano-Arakaki names as Defendants Dr. Caroline Mee, Dr. Brent Burrougs, and an unnamed nurse at the HCCC.  ECF No. 13 at PageID.64–PageID.65.  Kaleohano-Arakaki also includes in the SAC's caption the State of Hawaii.  *Id.* at PageID.64.

the SAC.  Because the SAC suffers from the same flaws that the Court identified and instructed Kaleohano-Arakaki to correct in dismissing the original Complaint, the Court finds that granting further leave to amend is not warranted.  This dismissal is, therefore, with prejudice.  Given the foregoing, Kaleohano-Arakaki's Motion for Appointment of Counsel, ECF No. 14, is DENIED as moot.

## I.  **BACKGROUND**[3]

On an unspecified date, an unnamed nurse at the HCCC met with Kaleohano-Arakaki.  ECF No. 13 at PageID.70.  Kaleohano-Arakaki alleges that the nurse "fail[ed] to properly triage" him, and the nurse should have "insisted" that Kaleohano-Arakaki go to the hospital for X-rays and an MRI.  *Id.*

On another unspecified date, Dr. Mee met with Kaleohano-Arakaki.  *Id.* at PageID.68.  According to Kaleohano-Arakaki, Dr. Mee failed to recognize that he had suffered a stroke, despite the presence of "all the signs," and Dr. Mee did not order further testing or refer him to a neurologist.  *Id.*

On a third unspecified date, Dr. Burrougs diagnosed a blood clot in Kaleohano-Arakaki's brain.  *Id.* at PageID.69.  Dr. Burrougs did not offer a "prognosis," and he did not treat the blood clot.  *Id.*  Because of this decision,

---

[3]Kaleohano-Arakaki's factual allegations are accepted as true for purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Kaleohano-Arakaki alleges, he experienced severe pain and suffering, and mental and emotional stress.  *Id.*

Kaleohano-Arakaki commenced this action by signing the original Complaint on March 10, 2024.  ECF No. 1 at PageID.6.  In that pleading, Kaleohano-Arakaki alleged, among other things, that the unnamed nurse, Dr. Mee, and Dr. Burrougs threatened his safety and denied him adequate medical care.  ECF No. 3 at PageID.11–PageID.13.

On April 29, 2024, the Court dismissed the original Complaint.  ECF No. 8.  The Court concluded that any claims against the State of Hawaii and others were barred by the Eleventh Amendment.  *Id.* at PageID.39–PageID.41.  To the extent that Kaleohano-Arakaki alleged that his safety had been threatened, the Court explained that it could not evaluate Kaleohano-Arakaki's claims because he failed to specify whether he was a pretrial detainee or a convicted inmate at the time the complained-of conduct occurred.  *Id.* at PageID.41–PageID.42.  Without additional information, the Court stated, Kaleohano-Arakaki's threat to safety claims could not proceed.  *Id.*  To help Kaleohano-Arakaki cure the deficiencies in his claims, the Court provided the relevant legal standards under both the Eighth and Fourteenth Amendments.  *Id.* at PageID.42–PageID.44.

The Court also concluded that Kaleohano-Arakaki failed to state a colorable claim based on the medical care that he had received.  *Id.* at PageID.44.  Again, the

3

Court explained that Kaleohano-Arakaki failed to say if he was a pretrial detainee or a convicted inmate when the complained-of conduct occurred. *Id.* The Court therefore also provided Kaleohano-Arakaki the legal standards for medical care claims under both the Eighth and Fourteenth Amendments. *Id.* at PageID.45–PageID.47. The Court granted Kaleohano-Arakaki partial leave to file an amended pleading. *Id.* at PageID.49–PageID.50. The Court notified Kaleohano-Arakaki that any amended pleading had to be complete without reference to any prior pleading. *Id.* at PageID.50.

The Court received a First Amended Prisoner Civil Rights Complaint on May 16, 2024. ECF No. 9. At the same time, however, Kaleohano-Arakaki moved for an additional sixty days to file an amended pleading. ECF NO. 10. The Court granted Kaleohano-Arakaki's extension motion in part, giving him until June 19, 2024 to file an amended pleading. ECF No. 12. The Court again reminded Kaleohano-Arakaki that any amended pleading had to be complete without reference to any prior pleading. *Id.* Because the Court granted Kaleohano-Arakaki additional time to file an amended pleading, it took no action on the First Amended Complaint. *See id.*

The Court received the SAC on June 6, 2024. ECF No. 13. On the same day, the Court received Kaleohano-Arakaki's Motion for Appointment of Counsel. ECF No. 14. In the SAC, Kaleohano-Arakaki maintains that the unnamed nurse,

Dr. Mee, and Dr. Burrougs threatened his safety and denied him adequate medical care.  ECF No. 13 at PageID.68–PageID.70.  Kaleohano-Arakaki seeks unspecified damages.  *Id.* at PageID.71.

## II.  <u>STATUTORY SCREENING</u>

The Court is required to screen all in forma pauperis prisoner complaints filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The Court must grant leave to amend if it appears that the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## III.   DISCUSSION

### A.   Legal Framework for Claims Under 42 U.S.C. § 1983

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (alteration in original) (quoting 42 U.S.C. § 1983). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

There are two situations in which a state official might be liable to suit under § 1983. "First, plaintiffs may seek damages against a state official in his personal capacity." *Cornel*, 37 F.4th at 531. "Second, state officials are 'persons' under

§ 1983 when sued for prospective injunctive relief." *Id*. This second situation applies "where a plaintiff alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective." *Id.* (internal quotation marks omitted).

**B.     Eleventh Amendment**

Although Kaleohano-Arakaki does not list in the body of the SAC the State of Hawaii as a defendant, he does include the State in the SAC's caption. *See* ECF No. 13 at PageID.64–PageID.65.

As the Court explained in dismissing the original Complaint, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). Thus, any claims against the State of Hawaii remain DISMISSED.

**C.     Threat to Safety**

Kaleohano-Arakaki marked a box in Counts I, II, and III stating that his claims involve a threat to his safety. ECF No. 13 at PageID.68–PageID.70. Like in the original Complaint, however, Kaleohano-Arakaki fails to say whether he was a pretrial detainee or a convicted inmate when the complained-of conduct occurred. Given Kaleohano-Arakaki's references to the Eighth Amendment, *id.* at

PageID.65, PageID.68, however, the Court will proceed as though he was a convicted inmate during the relevant period.  *See Vazquez v. County of Kern*, 949 F.3d 1153, 1163–64 (9th Cir. 2020) ("[T]he Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted prisoners*." (internal quotation marks and citation omitted)).  Applying the Eighth Amendment standard, Kaleohano-Arakaki has not plausibly alleged that any Defendant acted with deliberate indifference to his safety.  *See Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (per curiam).  Instead, Kaleohano-Arakaki's claims focus entirely on the medical care that he received.  Thus, the threat to safety claims in Counts I, II, and III are DISMISSED.

## D.    Medical Care

Kaleohano-Arakaki also marked a box in Counts I, II, and III stating that Defendants denied him adequate medical care.  ECF No. 13 at PageID.68– PageID.70.  Although Kaleohano-Arakaki fails to say whether he was a pretrial detainee or a convicted inmate when his rights were allegedly violated, the Court will again proceed as though he was a convicted inmate because of his references to the Eighth Amendment.  *Id.* at PageID.65, PageID.68.

To establish a claim of inadequate medical care, a convicted prisoner must show both a "serious medical need" and that an official's response to the need was

8

"deliberately indifferent." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785–86 (9th Cir. 2019) (per curiam).  "To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Id.* at 786 (internal quotation marks and citations omitted) (alterations in original).  This is a "high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment." *Edmo*, 935 F.3d at 786 (citation omitted).  "In other words, [m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* (internal quotation marks and citation omitted) (alteration in original).

Even assuming Kaleohano-Arakaki had a serious medical need or needs, he has not plausibly alleged that any Defendant acted with deliberate indifference to those needs.  Indeed, rather than providing additional factual allegations to clarify and buttress his claims, Kaleohano-Arakaki included fewer details in the SAC than in the original Complaint.  For example, Kaleohano-Arakaki does not say when the events at issue occurred, what symptoms he described to each of the three defendants, and what they told him in response.  Kaleohano-Arakaki does not allege that he ever voiced any of his concerns to the Defendants, nor does he allege

9

that they were otherwise aware of them.  Simply stated, the bare allegations in the

SAC do not meet the high standard for deliberate indifference.  *See Irby v.*

*Johnson*, No. 22-35033, 2022 WL 17102351, at *1 (9th Cir. Nov. 22, 2022) ("The

district court properly dismissed Irby's deliberate indifference claims because [the

plaintiff] failed to allege facts sufficient to show that defendants knew of and

disregarded an excessive risk to his health."); *see also Bertlemann v. Taylor*, Civ.

No. 20-00116 DKW-KJM, 2020 WL 1815218, at *6 (D. Haw. Apr. 9, 2020) ("A

difference of opinion concerning treatment, negligence, or medical malpractice do

not equate to deliberate indifference.").  Kaleohano-Arakaki's medical care claims

in Counts I, II, and III are therefore DISMISSED.

## IV.   <u>NO LEAVE TO AMEND</u>

In general, "[u]nless it is absolutely clear that no amendment can cure the

defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and

an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*,

66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Amina v. WMC Fin. Co.*, 329 F.

Supp. 3d 1141 (D. Haw. 2018), *aff'd*, 812 F. App'x 509 (9th Cir. 2020).  After a

district court has already granted a plaintiff leave to amend, however, its discretion

in deciding whether to grant further leave to amend is "particularly broad."

*Dreamstime.com, LLC v. Google LLC*, 54 F.4th 1130, 1143 (9th Cir. 2022); *see*

*also Snyder v. Allison*, No. 21-55105, 2021 WL 3784256 (9th Cir. Aug. 26, 2021) (applying rule to pro se prisoner).

Here, in dismissing the original Complaint, the Court identified numerous flaws in Kaleohano-Arakaki's claims and provided him with a thorough description of the relevant legal standard for his claims.  ECF No. 8 at PageID.38– PageID.48.  At one point, the Court specifically stated that Kaleohano-Arakaki's claims could not proceed without "additional information."  *Id.* at PageID.41– PageID.42.  Rather than providing additional information, however, the SAC includes even less information than the original Complaint.  Given Kaleohano-Arakaki's inability to state a plausible claim against any Defendant—despite guidance from the Court as to how to cure the deficiencies in those claims—the Court finds that granting further leave to amend is not warranted in this case.  *See Martinez v. Villalon*, 809 F. App'x 426, 427 (9th Cir. 2020) ("The district court did not abuse its discretion in dismissing the claims in the [amended pleading] without leave to amend because [the plaintiff] failed to cure the complaint's deficiencies despite the district court's specific instructions about how to do so.").  All the claims in Counts I, II, and III against Defendants are therefore DISMISSED without leave to amend.

## V.   <u>28 U.S.C. § 1915(g)</u>

Kaleohano-Arakaki is notified that this dismissal counts as a "strike" under

28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a

civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.   <u>CONCLUSION</u>

(1) The SAC, ECF No. 13, is DISMISSED pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(b).

(2) Because Kaleohano-Arakaki was unable to state a colorable claim for

relief—despite explicit guidance from the Court on how to do so—the Court finds

that granting further leave to amend is not warranted.  The SAC is therefore

DISMISSED without leave to amend, and this dismissal constitutes a strike under

28 U.S.C. § 1915(g).

(3) Given the foregoing, the Motion for Appointment of Counsel, ECF No.

14, is DENIED as moot.

(4) The Court CERTIFIES that an appeal from this Order would be frivolous

and, therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *See*

*Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir.1977) (stating that indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

(5) The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED: June 18, 2024 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

---

*Yasushi Kaleohano-Arakaki v. State of Hawaii, et al.*; Civil No. 24-00131 DKW-RT; **ORDER (1) DISMISSING SECOND AMENDED PRISONER CIVIL RIGHTS COMPLAINT AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL**